## In re Miles Land Company

D. M. Johnson, for petitioner; R. W. Rymer, for respondents.

LEWIS, J., March 4, 1931.—This is a petition brought by William Repp, a stockholder in the said corporation, praying for the appointment of a trustee to make sale of all the remaining property of the said Miles Land Company, both real and personal, and to divide the assets of the said corporation. This

petition is made under the provisions of the Act of April 15, 1891, P. L. 15, which reads as follows:

"That, whensoever it has occurred or shall happen that any corporation has been or shall be dissolved, whether by decree of court, expiration of time, or otherwise, owning land or other real estate within this commonwealth, it shall and may be lawful for the court of common pleas of the county wherein the real estate is or shall be located, upon the petition of any one or more of the shareholders or corporators, and personal notice to and service upon all known parties in interest whose places of residence are known, and such further notice by advertisement to others interested, as the court may direct, if no reasonable and sufficient cause be shown to the contrary, to authorize the sale of such real estate in fee simple, at either public or private sale, upon such terms as the court may designate, by a trustee to be appointed for that purpose; which trustee, before making such sale, shall give security for the faithful application of the proceeds of such sale according to law, to be approved by the court in double the probable value of the land to be sold; and the proceeds of such sale shall be distributed by the party making the same, as part of the effects of the defunct corporation, to creditors or shareholders, as the said court may adjudge them to be entitled; and if said corporation had made sale of real estate, and had not conveyed the same, such court may decree conveyance in specific execution of such contract in manner aforesaid."

The Miles Land Company was duly incorporated under the laws of the State of Pennsylvania in 1904, and the charter was regularly recorded in the office of the Recorder of Deeds in and for the said County of Lackawanna, in charter book 6, page 275.

This charter was issued to the said company on February 21, 1904, to exist for a period of twenty years from said date. It further appears that the company was duly organized for the purpose of selling land. In accordance with such purpose, there was conveyed to it after its organization certain lands in the Borough of Old Forge, Lackawanna County, Pennsylvania. For many years following its organization, the company was engaged in the selling of land, and in 1924 there remained in the ownership of the company a large acreage of lands and certain land contracts.

It further appears in the petition and answer filed in this case that there still remain certain assets in the hands of the said company and its officers after February 21, 1924, which was the date of the legal dissolution of the said corporation by expiration and limitation of its charter, and that the said William Repp, petitioner, as a stockholder is interested in the said assets.

The remaining stockholders of the said corporation filed an answer, wherein the fact that the corporation had expired by limitation on the aforesaid date was admitted, and it was further admitted that William Repp, the petitioner, is the owner of eighty shares of stock in said corporation.

In said answer it further appears at length that there were hostilities between the said William Repp and the remaining stockholders. The merits of the controversy between William Repp and the other stockholders are of no present concern. There is sufficient evidence, however, of hostility between the stockholders to show that no peaceable liquidation of the corporation in an orderly manner can take place.

The Act of 1891, hereinbefore quoted, which is an amendment of the Act of June 25, 1885, P. L. 178, provides a remedy to cover the situation, as disclosed in this petition and answer.

That a corporation whose charter has expired by lapse of time is no longer a corporation *de facto* or *de jure* seems to be well established law, as evidenced by 8 Thompson on Corporations (3rd ed.), 599, § 6426, wherein it is stated that:

"A corporation is dissolved *ipso facto* and its powers as a corporate entity cease on the expiration of the period of time stated in the charter. It is dead in law and its existence as a corporation can only be continued by legislative action. Where the law fixed a definite time when the corporate life must end, the corporation is, *ipso facto*, dissolved at that time, without any direct action on the part of the state or a court."

We, therefore, conclude that a corporation whose charter has expired is neither a *de facto* nor a *de jure* corporation, and is, therefore, not entitled to act as such except as provided by the act of the legislature, which gives it certain powers for the purpose of winding up its business.

Therefore, the prayer of the petition should be and is hereby granted.

### Order.

Now, March 4, 1931, Harry Needle, Esq., is appointed trustee for Miles Land Company for the purpose of making sale of all the remaining property of the said Miles Land Company, both real and personal, and to distribute the assets of said company to the creditors and stockholders thereof under further orders of this court. A bond in the sum of $10,000 is to be entered by the trustee, which said bond is to be approved by the court.

From William A. Wilcox, Scranton, Pa.